UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

                                        CIVIL ACTION
                                        NO.

DANIEL M. BAYLIES,
            PLAINTIFF

VS.                                     COMPLAINT

EVAN T. LAVIGNE AND
MICHAEL J. BREEN, in
their Individual Capacities,
            DEFENDANTS

PARTIES

1. The Plaintiff is a resident of Taunton, Bristol County, Massachusetts.


2. The Defendant, Evan T. Lavigne, (hereinafter referred to as "Lavigne"), is and was, at all times

described herein, employed by the said City of Taunton, as a police officer in the City of Taunton

Police Department; and, this action is brought against him in his individual capacity, for acts

which he committed under color of law, in the course of his said employment as a police officer.


3. The Defendant, Michael J. Breen, (hereinafter referred to as "Breen"), is and was, at all times

described herein, employed by the said City of Taunton, as a police officer in the City of Taunton

Police Department; and, this action is brought against him in his individual capacity, for acts

which he committed under color of law, in the course of his said employment as a police officer.

JURISDICTION

4. This complaint seeks relief, pursuant to section 1983 of Title 42 of the United States Code,

based upon violations of rights guaranteed to the Plaintiff, under the 4th and 14th Amendments

to the Constitution of the United States, as to which jurisdiction resides in this Court, pursuant to

sections 1331 and 1343 of Title 28 of the United States Code.


FACTS COMMON TO ALL COUNTS

5. On or about May 22, 2022, the Plaintiff was involved in an altercation with another individual,

which occurred in the parking lot of 239 Broadway in Taunton, arising from an allegation by that

individual that the Plaintiff operated his motor vehicle in a manner which interfered with that

individual's operation of his motor vehicle.


6. As a result of a 911 call to the Taunton Police Department by a passenger in the vehicle of said

individual, an officer of the Taunton Police Department arrived at the scene of that altercation, at

which time the Plaintiff was lying on the ground with said individual on top of him and holding

him down. Said officer then separated the Plaintiff and that individual, during which time the

Defendants also arrived at the scene, pursuant to their employment as police officers.


7. At that time, the Plaintiff was handcuffed and made to sit on the ground, while officers

interrogated the said individual, as to the cause of the altercation. The Plaintiff was within

earshot of that interrogation and heard that individual claim that it was the Plaintiff who had

assaulted him, and the Plaintiff protested to the police officers present, including the Defendants,

that it was that individual who had initiated the altercation and assaulted and battered the Plaintiff.

8. Despite said protestations by the Plaintiff, however, Lavigne began to walk the Plaintiff in handcuffs towards a police vehicle and informed the Plaintiff that he was being arrested, in response to which the Plaintiff verbally protested that he was being unjustly arrested, while Lavigne continued to walk him towards the police vehicle. In response, Lavigne unlawfully assaulted and battered the Plaintiff by forcefully hitting the Plaintiff on the left side of his head and ear, which caused the Plaintiff's left ear to be seriously injured, which entailed severe pain, bleeding, shock and emotional distress to the Plaintiff.

9. Breen then approached Lavigne and the Defendant and, in conjunction with Lavigne, placed the Plaintiff in the said police vehicle and, despite the obvious injury to the Plaintiff, neither Breen nor Lavigne rendered first aid of any kind to the Plaintiff nor called for emergency medical assistance for the Plaintiff's injury. Instead, despite the Plaintiff being in pain and bleeding, Breen ignored the Plaintiff's injury, pain and suffering and drove from the scene of said incident to the Taunton police station located approximately two and a half miles from the scene of the incident, such that the said pain and suffering of the Plaintiff was prolonged and aggravated.

10. Upon arrival at the Taunton police station, an ambulance immediately was called and the Plaintiff was transported to Morton Hospital in Taunton, where he received emergency treatment and then was transferred to Brigham and Women's Hospital in Boston, where he received

surgical repair of the injury to his ear, after which he was released from that hospital and transported by an acquaintance to his home in Taunton. At no time, from when he arrived at the Taunton police station, was the Plaintiff booked on any offense, nor did any officer of the Taunton Police Department in any way maintain custody of the Plaintiff, at any time from the time of arrival of the ambulance at Morton Hospital or thereafter.

11. Attached to this Complaint as Exhibit "A" is a true and accurate photograph of the injury which the Plaintiff was caused to suffer by the assault and battery which was committed on him by Lavigne, as it appeared upon his arrival at Morton Hospital.

12. Subsequently, on May 23, 2022, Breen filed an application to the Taunton District Court for a criminal complaint to issue against the Plaintiff, charging the Plaintiff with the offense of assault and battery with a dangerous weapon on the person involved in said altercation with the Plaintiff, which was issued but subsequently dismissed by that Court for "lack of prosecution", on September 13, 2023. In addition, in that application, Breen also asked for a criminal complaint to issue against the Plaintiff, charging the Plaintiff with the offense of resisting arrest, based on a police report by Breen, in which Breen falsely, maliciously and with knowledge that probable cause did not exist for doing so, claimed that the Plaintiff had resisted his arrest by Lavigne and Breen and may have suffered his injury to his ear by striking his head on the doorframe of Breen's police vehicle, while struggling against the efforts of Lavigne and Breen to place the Plaintiff in that vehicle. Subsequently, that charge of resisting arrest was also dismissed, on December 13, 2023, after having been continued without a finding for 90 days by the District Court (Hourihan, J.), on September 13, 2023, at which time, the presiding judge acknowledged,

on the record in open court, that the Plaintiff was denying and not admitting to the truth of any of the allegations that he had resisted arrest and that the case was being continued to be dismissed without any admission by the Plaintiff to the truth of any such allegations.

### COUNT I - Liability of Lavigne Pursuant to 42 U.S.C. sec. 1983

13. The Plaintiff realleges and incorporates paragraphs 1 through 12 of this Complaint in this Count I by reference.

14. The said actions of Lavigne took place under color of law and constituted an illegal seizure of the Plaintiff, in violation of the rights of the Plaintiff guaranteed to him under the 4th and 14th Amendments to the Constitution of the United States, causing the Plaintiff to suffer physical injury, entailing great pain and suffering and emotional distress and necessitating medical treatment and expense, for all of which Lavigne is liable to the Plaintiff, pursuant to Section 1983 of Title 42 of the United States Code.

### COUNT II - Liability of Lavigne for Assault and Battery

15. The Plaintiff realleges and incorporates paragraphs 1 through 14 of this Complaint in this Count II.

16. The said actions of Lavigne constituted the commission of assault and battery on the Plaintiff, which resulted in said injury and damages to the Plaintiff, for which Lavigne is liable to the Plaintiff, pursuant to the common law of Massachusetts.

COUNT III - Liability of Breen Pursuant to 42 U.S.C. sec. 1983

17. The Plaintiff realleges and incorporates paragraphs 1 through 16 of this Complaint in this Count III by reference.

18. The said actions of Breen took place under color of law and constituted an illegal seizure of the Plaintiff, in violation of the rights of the Plaintiff guaranteed to him under the 4th and 14th Amendments to the Constitution of the United States, which caused the Plaintiff physical pain and suffering and emotional distress, for which Breen is liable to the Plaintiff, pursuant to Section 1983 of Title 42 of the United States Code.

COUNT IV - Liability of Breen for Malicious Prosecution and Abuse of Process

19. The Plaintiff realleges and incorporates paragraphs 1 through 18 of this Complaint in this Count IV by reference.

20. The said action of Breen of applying for the issuance of said charge of resisting arrest was taken by Breen, despite Breen knowing that no probable cause existed to support said charge, and for the unlawful purpose of concealing the fact that Lavigne had engaged in the unlawful use of excessive force against the Plaintiff, and resulted in damages to the Plaintiff, including the emotional distress, humiliation, inconvenience and costs of having to defend against said charge.

21. Breen, therefor, is liable to the Plaintiff for commission of malicious prosecution and abuse of process, under the common law of Massachusetts, for the Plaintiff's said damages.

<u>RELIEF REQUESTED</u>

WHEREFORE, the Plaintiff respectfully requests that:

(a) As to Count I, the Court award judgment in favor of the Plaintiff against the Defendant, Lavigne, for compensatory damages, plus punitive damages, interest, costs and reasonable attorney fees;

(b) As to Count II, the Court award judgment in favor of the Plaintiff against the Defendant, Lavigne, for compensatory damages, plus interest and costs;

(c) As to Count III, the Court award judgment in favor of the Plaintiff against the Defendant, Breen, for compensatory damages, plus punitive damages, interest, costs and reasonable attorney fees; and,

(d) As to Count IV, the Court award judgment in favor of the Plaintiff against the Defendant, Breen, for compensatory damages, plus interest and costs.

<u>DEMAND FOR JURY TRIAL</u>

The Plaintiff demands a trial by jury as to all issues contained in this Complaint.

BY PLAINTIFF'S ATTORNEY,
/s/ Paul W. Patten
PAUL W. PATTEN
BBO#391400
SUITE 221
56 NORTH MAIN STREET
FALL RIVER, MA 02720
(508)672-3559
paulpatten@comcast.net
DATED: 06/11/2024

EXHIBIT "A"

